JULY TERM, 1881, No. 21.    JANUARY 18TH, 1882.

## Appeal of Philip Mitton *et al.*

1. There is no appeal in election cases.
2. A *certiorari* brings up barely the record, and upon it the Court cannot examine and decide the merits of such cases.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

*Certiorari* to. the Court of Quarter Sessions of *Philadelphia County.*

Petition of Philip Mitton and twenty seven. other citizens of the Sixth Ward, of the city of Philadelphia, asking the Court to decree that John Wade and Henry L. Greenebaum had been duly elected school directors of the said ward, at the election of February 18th, 1879, and that the return of William F. Englehart and William H. Wakefield, as elected, was a false return.

The petition set forth that upon 620 of the ballots cast for Englehart and Wakefield, were the names of two other persons; that these ballots were illegal, inasmuch as each elector was only entitled to cast his ballot for three persons; that these ballots were counted, and that without them Wade and Greenebaum were elected.

The answer denied the truth of these allegations. An examiner was appointed, before whom considerable testimony was taken in support of the petition.

On the 6th of December, 1879, the Court refused, without prejudice, an application of the petitioners, made on an interlocutory report of the examiner, for an order directing the ballot boxes of all the election divisions to be opened and inspected.

On the 24th of April, 1880, the Court refused a renewed application for an order for the same purpose, "without prejudice, to the petitioners to renew the same, after showing, by the testimony of voters at said election, that a suffi-

[Appeal of Philip Mitton *et al.*]

cient number of ballots, containing four names for the full term, were cast at said election, to alter the result of said election, if such ballots were rejected and not counted."

On the 26th of March, 1881, the Court made a final decree, dismissing the petition, and adjudged that the complaint was without probable cause, and that the costs be paid by the petitioners.

The petitioners then appealed, assigning as errors, *inter alia*, the refusals of the applications to order the opening of the ballot boxes.

*John H. Sloan*, for the appellants.

All the cases in which the Courts have refused, on a petition contesting an election, to order the opening of ballot boxes, until proof was given by testimony of voters sufficient to change the result, were cases where there was but a single candidate on each side, and where the question was as to the illegal character of the voter, not of the vote itself, as in this case: see Daly *v.* Petroff, 32 Leg. Intel., 21; McCullough's Case, 34 Leg. Intel., 28; and in these cases it is admitted that there may be cases in which such an order would be eminently proper and necessary.

Kneass's Case, 2 Pars., 553, is an authority for opening boxes, etc., where, as in this case, a specific statement of the reason is made. In Thompson *v.* Ewing, 1 Brewster, 67, the Court ordered the opening of the boxes upon an affidavit, and because it appeared there, as in this case, to be a necessity.

*Isaiah H. Brown* and *L. Bregy*, for the appellees, produced no paper-book.

JANUARY 30TH, 1882.—PER CURIAM: There is no appeal in election cases, and we cannot examine and decide the merits upon a *certiorari* which brings before us barely the record. We cannot tell, therefore, whether the refusal of the Court to order the ballot boxes to be opened was right or wrong. The rule in all cases is *omnia presumuntur rite esse acta*.

Proceedings affirmed.